# IN THE COURT OF APPEALS OF IOWA

No. 17-0741
Filed October 10, 2018


**ALAN LEE LUCAS,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR LINN COUNTY,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.



        By way of certiorari, Alan Lucas challenges the sufficiency of the evidence

to support the district court's finding of contempt.  **WRIT ANNULLED.**



        Eric D. Tindal of Keegan & Farnsworth, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.



        Considered by Potterfield, P.J., McDonald, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

In 2013, a jury found Alan Lucas guilty of first-degree theft and ongoing criminal conduct. This court affirmed his conviction and sentence on direct appeal. *See generally State v. Lucas*, No. 14-0458, 2015 WL 4468844 (Iowa Ct. App. July 22, 2015). On May 2, 2014, the district court entered an order of protection prohibiting Lucas from having contact with a number of protected parties. The no-contact order provided, in relevant part, the following:

> The above named Defendant is restrained from committing further acts of abuse or threats of abuse.
> The above named Defendant is restrained from any contact with the . . . Protected Party.
> **Additional terms of this order and exceptions to the above provisions are set forth below.**
> . . . .
> (1) Defendant shall not communicate with the protected party in person or through any means including third persons, or through any electronic means . . . . This restriction shall not prohibit communication through legal counsel.
> . . . .
> (3) The defendant, personally or through a third party, shall not threaten, assault, stalk, molest, attack, harass, or otherwise abuse the protected party, persons residing with the protected party, or members of the protected party's family. . . .

The order noted it remained in effect until March 2019 "unless it is modified, terminated, or extended by further written order of the court."

In March 2014, Lucas filed a lawsuit in the Delaware Court of Chancery against a number of the protected parties. After Lucas filed an amended complaint in that matter, the master in chancery recommended that Lucas's suit be dismissed. Lucas filed a second amended complaint, which the master in chancery also recommended be dismissed.

Lucas was found in contempt of the Iowa no-contact order in September 2014 for communicating with a number of the protected parties. The district court sentenced him to an additional thirty-five days in jail.

In September 2016, Lucas and two other plaintiffs commenced another lawsuit against two of the protected parties in the Delaware Court of Chancery. A summons and petition were served upon the protected parties. The protected parties forwarded the paperwork to the Iowa Attorney General's Office, noting "this is a copy of the papers that Al[a]n Lucas sent to us on 10-5-16."

The State filed an application for an order to show cause alleging Lucas violated the no-contact order a second time "by sending or causing to be sent communications to" parties protected under the no-contact order. Following a contempt hearing, the district court entered a finding of contempt and sentenced Lucas to an additional six months of incarceration.

Lucas filed a notice of appeal following the district court's denials of his motions to enlarge or amend. Because there is no right to appeal from a finding of contempt, the supreme court directed Lucas to recast his notice of appeal as a petition for a writ of certiorari. *See* Iowa Code § 665.11 (2016). The supreme court granted Lucas's subsequent application, the supreme court clerk issued a writ of certiorari, and the case was transferred to this court for resolution.

Lucas challenges the sufficiency of the evidence to support the district court's finding of contempt. "Certiorari is an action at law; therefore, our review is at law." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). "[W]e may examine only the jurisdiction of the district court and the legality of its actions."

*Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010) (quoting *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998)).

> The district court acts illegally when the court's factual findings lack substantial evidentiary support. Since proof beyond a reasonable doubt must be established for a finding of contempt, substantial evidence to support such a finding is such evidence as could convince a rational trier of fact that the alleged contemnor is guilty of contempt beyond a reasonable doubt.

*Id.* (citations and internal quotation marks omitted).

Willfully disobeying an order of the court is a contemptuous act. *See* Iowa Code § 665.2(3); *Reis*, 787 N.W.2d at 68. Upon our review of the record, we find the evidence is sufficient to convince a rational trier of fact that Lucas, contrary to a known duty and deliberately with the bad or evil purpose of harassing the protected parties, willfully disobeyed the no-contact order by causing a communication—the summons and complaint—to be served upon the protected parties. *See Reis*, 787 N.W.2d at 68; *see also* Iowa Code § 708.7(1) (describing harassment as annoying, alarming, or intimidating behavior).

We affirm the decision of the district court without further opinion pursuant to Iowa Court Rule 21.26(1)(b). The writ of certiorari is annulled.

**WRIT ANNULLED.**